IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| | § | |
| V. | § | C.A. NO. C-05-174 |
| | § | |
| DOUG DRETKE | § | |

## MEMORANDUM AND RECOMMENDATION ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

In this habeas corpus action, petitioner has filed a motion for a temporary restraining order and/or preliminary injunction, alleging that various prison officials are hindering his access to the courts by stealing his mail, denying him paper, and tampering with his grievances (D.E. 11-1, 11-2). For the following reasons, it is recommended that petitioner's motions be denied.

### I. Background

In his original habeas corpus petition, petitioner challenged as unconstitutional two disciplinary convictions that occurred at the Wynne Unit in Walker County, Texas.[1]  Petitioner now complains that, since his filing of his habeas corpus petition, certain McConnell Unit officers and officials have denied him access to the courts by denying his requests for extra legal paper and denying him time in the law library.  Petitioner also claims that his transfer to the McConnell Unit in and of itself was done to hinder his access to the courts because the McConnell Unit has no African American staff.  He suggests that there is a conspiracy between officials at the Wynne Unit and the McConnell Unit to deny him access to the courts.  He seeks a court order to prevent the offending officials from stealing his legal mail and to prevent officials from harassing him.

---

[1] At the time of filing his habeas corpus petition, Loften was incarcerated at the McConnell Unit, in Beeville, Texas, and as such, jurisdiction is proper with this Court.  Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

## II. Discussion

To obtain a preliminary injunction under FED.R.CIV.P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Petitioner's motion fails to warrant such an extraordinary remedy. First, the requested injunction is directed in part at persons who are not properly before the court in this habeas corpus proceeding and over whom there is no jurisdiction. Moreover, petitioner's claims concern civil rights violations, and do not affect the length or duration of his sentence. Those claims must be pursued in a § 1983 action, subject to screening under 28 U.S.C. § 1915A. Finally, although petitioner alleges that prison officials are hindering his ability to access the courts, there is no evidence that petitioner has suffered an "actual injury" concerning a pending case. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 2180-82 (1996)). Petitioner's allegations do not give any indication of "actual injury." Thus, he fails to show that he has a likelihood of success on such a claim, if it were properly pleaded, or that there is a threat of irreparable injury.

Petitioner is free to raise his denial of access to courts/retaliation/conspiracy claims in a separate civil rights action should he so desire. Only his habeas corpus claims challenging his disciplinary convictions may be pursued in this action.

For these reasons, it is respectfully recommended that petitioner's motion for a temporary restraining order and preliminary injunction (D.E. 11-1, 11-2) be denied.

Respectfully submitted this 27th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).