IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| | § | |
| V. | § | C.A. NO. C-05-174 |
| | § | |
| DOUG DRETKE | § | |

**MEMORANDUM AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION FOR NEW TRIAL**

Pending is petitioner's motion for new trial (D.E. 20) and motion for sanctions (D.E. 23). For the reasons stated herein, it is recommended that plaintiff's motions be denied.

### I. Background

Petitioner James Eric Loften ("Loften") filed this habeas corpus action on April 6, 2005, challenging as unconstitutional two prison disciplinary hearings that occurred at the Wynne Unit in Walker County, Texas. In particular, Loften claims that he was denied his substantive and procedural due process rights because certain officers conspired to file false disciplinary charges against him and to find him guilty on those charges, effectively resulting in the "deprivation of all good time."

### II. Motion for sanctions

Loften has now filed a pleading entitled "Motion for Sanctions by a Group Conspiracy under RICO" (D.E. 23). In this document, plaintiff alleges that federal judges for the Southern, Eastern, and Northern Districts of Texas have an ongoing conspiracy with the Texas Attorney General's Office to deny him access to the courts, deprive him of liberty, and to kill him.[1] Loften has attempted to raise this same allegation in another civil action, C.A. C-05-191. In that case, however, Loften was denied the privilege of proceeding *in forma pauperis* because he is an abusive litigant with over three strikes

---

[1] Loften has accused Chief Judge Head of participating in the alleged conspiracy.

against him. See 28 U.S.C. § 1915(g). Loften has not paid the filing fee in C-05-191, and it is anticipated that his claims in that action will be dismissed for want of prosecution.

Loften's present motion for sanctions is simply a veiled attempt to raise his civil rights claims in this habeas corpus proceeding. The claims are frivolous and fanciful, and Loften offers no evidence to support his conspiracy claim. Accordingly, it is respectfully recommended that Loften's motion for sanctions (D.E. 23) be denied.

### III. Motion for new trial

On May 27, 2005, Loften was ordered to file a more definite statement to detail his habeas corpus claims and to state with particularity whether he had lost any good time credits as a result of the two challenged disciplinary convictions. See D.E. 17. In a pleading entitled "Notice/Motion for Judgment as a Matter of Law/New Trial" (D.E. 20), Loften challenges the deadlines arguing that McConnell Unit officials and officers are denying him legal supplies such that he cannot file his more definite statement or in any other way comply with court-ordered deadlines.

Petitioner's allegations of lack of legal supplies and denial of access to the courts is belied by his activity in this case and in the civil rights action, C.A. No. C-05-191. In both cases, plaintiff has continued to ignore court orders to move his case forward, but instead, has opted to file nonsensical and fanciful pleadings, evidencing that he does in fact have both paper and pen, and that his mail is being delivered. His motion for judgment/new trial is merely an objection to the deadlines imposed. Rather than simply meet the deadlines to move his case forward, Loften engages in delays. It is respectfully recommended that his motion for judgment/new trial (D.E. 20), be denied.

## IV. Conclusion

Loften's request for sanctions (D.E. 23) is frivolous, and it is recommended that this motion be denied. Similarly, Loften's motion for judgment/new trial (D.E. 20) is nothing more than a challenge to court-ordered deadlines, and it is recommended that his request be denied. It is further recommended that Loften be instructed to file his more definite statement within twenty (20) days of the date of entry of this Order. Finally, it is recommended that Loften be advised that failure to file his more definite statement within this deadline may result in dismissal of this habeas corpus action for failure to prosecute.

Respectfully submitted this 14th day of July, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).