IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| | § | |
| V. | § | C.A. NO. C-05-174 |
| | § | |
| DOUG DRETKE | § | |

### ORDER DENYING MOTION FOR CONTINUANCE
### AND REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner James Eric Loften ("Loften") filed this habeas corpus action on April 6, 2005, challenging as unconstitutional two prison disciplinary convictions (D.E.1). By order entered May 27, 2005, Loften was instructed to file a more definite statement to better detail his claims (D.E. 17). For example, Loften was instructed to identify the disciplinary violations for which he was found guilty, the constitutional right(s) violated, whether he lost any good time credits, and what steps he had taken to exhaust his administrative remedies. Id. Loften was instructed further to file his more definite statement within 20 days of the date of entry of the order, that is, by June 16, 2005. Id.

Loften did not respond to the order for more definite statement, but instead, on July 5, 2005, filed a motion for sanctions alleging that federal judges for the Southern, Eastern, and Northern Districts of Texas have an ongoing conspiracy with the Texas Attorney General's Office to deny him access to the courts, deprive him of liberty, and to kill him (D.E. 23). Loften complained also that he was being denied pen and paper, postage and other materials necessary to prosecute his claims. Id. By Memorandum and Recommendation entered July 14, 2005, it was recommended that Loften's motion for sanctions be denied and that Loften be ordered to file his more definite statement or suffer the dismissal of this action for failure to prosecute (D.E. 26).

Loften has now filed a motion for continuance/motion for appointment of counsel (D.E. 25). As in his motion for sanctions, Loften claims that certain McConnell Unit officials have refused to provide

him with postage, have denied him "extra supplies," and have failed to process his legal mail such that he needs a continuance or, alternatively, that counsel be appointed to assist him.

Loften's allegations of lack of legal supplies and denial of access to the courts is belied by his activity in this case and in a civil rights action, C.A. No. C-05-191. In both cases, Loften has continued to ignore court orders to move his cases forward, but instead, has opted to file nonsensical and fanciful pleadings, evidencing that he does in fact have both paper and pen, and that his mail is being delivered. His instant motion for continuance/appointment of counsel is merely an objection to the order to file a more definite statement. Rather than simply meet the deadline to move this case forward, Loften engages in delays. A continuance is not warranted.

Concerning his request for counsel, noncapital defendants have no right to the appointment of counsel in federal habeas corpus proceedings. McFarland v. Scott, 512 U.S. 849, 857 n.3, 114 S. Ct. 2568, 2573 n.3 (1994); Nobles v. Johnson, 127 F.3d 409, 414 n.9 (5th Cir. 1997); Tucker v. Scott, 66 F.3d 1418, 1419 (5th Cir. 1995). Moreover, in the event an evidentiary hearing is required, Loften will be appointed counsel. Rule 8(c), Rules Governing § 2254 Cases.

Loften's motion for continuance/appointment of counsel (D.E. 25) is denied.

ORDERED this 21st day of July, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE