IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| | § | |
| VS. | § | C.A. NO. C-05-174 |
| | § | |
| U.S. GOVERNMENT, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO SUMMARILY DISMISS HABEAS CORPUS PETITION**

In this habeas corpus action, petitioner James Eric Loften ("Loften") challenges as unconstitutional a disciplinary conviction that resulted in a reduction in his time earning classification (D.E. 1). He did not lose any good time credits. For the reasons stated herein, it is recommended that his petition be summarily dismissed for failure to state a constitutional claim upon which habeas corpus relief can be granted. Rule 4, Rules Governing Section 2254 Cases.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II. BACKGROUND**

Loften is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas, serving a 15-year sentence. D.E. 1 at 1, 2. In his petition, Loften complains of two disciplinary proceedings that occurred at the Wynne Unit in Walker County, Texas;[1] one that occurred on June 4, 2004, and the other on September 2, 2004. D.E. 1 at 5. According to Loften, he was denied effective counsel substitute at the hearings, and thereafter, was found guilty of disciplinary infractions, resulting in a reduction in

---

[1] Loften was incarcerated at the McConnell Unit at the time he filed suit, such that jurisdiction is proper with this Court. Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

his line class that adversely affects the rate at which he earns good time credits. Id. In addition, Loften alleged that he was denied "promotion for 12 flat months" which resulted in his being denied release to mandatory supervision. Id.

On May 27, 2005, Loften was ordered to file a more definite statement to better explain his claims (D.E. 17). In particular, Loften was given the opportunity to state whether he had lost any earned good time credits as a result of the challenged disciplinary proceedings. Id. Loften's response was due on or before June 16, 2005. To date, Loften has failed to file a more definite statement.

Loften states that he filed Step 1 and Step 2 grievances. D.E. 1 at 5-6. Loften's disciplinary convictions were affirmed on both appeals.

### III. DISCUSSION

**A.      Federal habeas corpus review.**

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3), § 2254(a). See Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993)(state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right); Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994), cert. denied, 115 S. Ct. 1964 (1995)(federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution of laws and treaties of the United States). Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

---

[2]See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998), identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question."

**B.     Summary dismissal under Habeas Corpus Rule 4.**

Rule 4, Rules Governing § 2254 Cases, authorizes dismissal of non-meritorious claims, that is, claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous.  See e.g. Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996)(noting that despite similarities between Rule 4 and Fed. R. Civ. P. 12(b)(6), habeas petition must cross some "threshold of plausibility" before requiring state to answer, not merely allege facts that if proved would establish petitioner's entitlement to relief); Small v. Endicott, 998 F.2d 411, (7th Cir. 1993) (recognizing Rule 4 dismissal if petition fails to state a claim or is factually frivolous); Veneri v. Missouri, 734 F.2d 391, 392 (8th Cir. 1984) (affirming Rule 4 dismissal for failure to exhaust and recognizing claims as nonmeritorious).  To avoid summary dismissal, the facts pleaded must point to a "real possibility of constitutional error."  Rule 4, Rules Governing § 2254 Cases, advisory committee note, citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970).  It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Rule 4, Rules Governing § 2254 Cases, advisory committee note.

**C.     Rule 4 applied to Loften's petition.**

Challenges to prison disciplinary hearing convictions that result in a loss of good time credits are properly maintained in habeas corpus actions because the punishment arguably affects the length of the confinement.[3]     See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser v. Rodriguez, 411 U.S.

---

[3] State law determines whether good time credits constitute a protected liberty interest. Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001) citing Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 447, 105 S. Ct. 2768, 2770 (1985).  In Texas, prisoners may be eligible for early release on parole or under a mandatory supervised release program.  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence.     Tex. Rev. Civ.

475 (1973) (prisoner may seek redress for the loss of good time credits only through a habeas corpus petition); In re Cain, 137 F.3d 234 (5th Cir. 1998) (same).  See also Jackson v. Torres, 720 F.2d 877, 879  (5th Cir. 1983) (per curiam)(any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter).  In this case, Loften does not complain of a loss of good time credits, but only of a reduction in his line classification and denial of a "promotion for 12 flat months which denied mandatory release date."  D.E. 1 at 5.

Due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  "[W]hen a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254."  Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002); see also Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000).  Even so, the Fifth Circuit has held that the effect of a reduction in good-time earning status on the timing of eligibility for release on mandatory supervision is too speculative to give rise to a liberty interest.  See Malchi, 211 F.3d at 959 (timing of a petitioner's release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status, which right the Texas legislature has specifically denied creating").

Loften alleges that he was denied mandatory supervised release; however, he does not specify how he was denied such release.  It is assumed that Loften is challenging his line class reduction and

---

Stat. Art. 6181-1 § 4, now Tex. Gov't Code § 498.003(a).   Because it is discretionary, inmates do not have a protected liberty interest in early release to parole.  See Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).  However, the Texas Court of Criminal Appeals has held that inmates who are eligible for release to mandatory supervision *do have* a protected liberty interest in that release.  Ex parte Geiken, 28 S.W.2d 553 (Tex. Crim. App. 2000).

its effect on his ability to earn good-time credits. Under <u>Malchi</u>, such an allegation does not raise a constitutional claim. As such, Loften fails to state a constitutional claim upon which habeas corpus relief may be founded.

## IV.  **RECOMMENDATION**

It is respectfully recommended that Loften's habeas corpus petition challenging the reduction in his line class be summarily dismissed for failure to state a cognizable claim under § 2254. Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243, 2254. It is further recommended that Loften's motion to exclude evidence (D.E. 34) be denied as moot.

Respectfully submitted this 8th day of September, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 8(b)(3), Rules Governing § 2254 Cases, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.d. 1415 (5th Cir. 1996) (en banc).