**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| James Eric Loften | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. C-05-174 |
| | § | |
| U.S. Government, *et al.* | § | |
|     Defendants | § | |

## MEMORANDUM OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

On September 26, 2005 the Court summarily dismissed Loften's § 2254 habeas petition (D.E. 39). Final judgment was entered the same day (D.E. 40). On December 21, 2005 Loften filed a notice of appeal to the U.S. Court of Appeals for the Fifth Circuit (D.E. 44). An appeal may not be taken from a final order in a habeas corpus proceeding unless a circuit or district judge issues a certificate of appealability. Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1)(a).

The document that appears to be Loften's motion for a certificate of appealability (which is intermingled with his notice of appeal) does not address the legal reasons that his case was dismissed (D.E. 44). Loften continues to fixate on his allegations that he is being denied paper and pens. His voluminous hand-written filings contradict his assertions that he has no access to writing materials. Loften makes allegations that the submissions that he made to the Court after the Magistrate Judge made her recommendations were mistakenly treated as his objections to the recommendations. Loften's writing style makes it difficult to ascertain exactly what he is attempting to say and what his filings are meant to address. In any event, because it treated Loften's September 9, 2005 "Declaration of Conspiracy" and September 19, 2005 "Judicial

Notice Response" as objections, the Court performed a more thorough *de novo* analysis of Loften's case. Loften submitted no other documents within the time period for objections.

Loften has failed to make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2). Loften has not shown that he suffered any injustice as a result of his prison disciplinary cases other than a reduction in good-time earning status. The Fifth Circuit has held that the effect that such a reduction in status has on the timing of a prisoner's release on mandatory supervision is too speculative to give rise to a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Accordingly, Loften's certificate of appealability is denied.

Ordered this ____4____ day of ____April____, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE